JAMES HAND v. HENRY D. WINTON.

1. It is libellous to charge that a citizen, being a member of a political party, at a nominating convention of such party, offered, from the influence of a bribe, a resolution that no nomination of a candidate for a particular office should be made.
2. Under the statute of this state, the pleader may aver that the words set forth were used in any defamatory sense he may see fit to attribute to them, it being left to the jury to say whether they were used in such sense.

On demurrer to declaration.

Argued at June Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiff, *J. W. Griggs.*

For the defendant, *A. B. Woodruff.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an action for a libel, and the *gravamen* of the complaint is that, at a certain meeting of a political party, of which the plaintiff was a member, he corruptly, and from the influence of a bribe, offered a resolution that such meeting should make no nomination of a candidate for a certain office. There are two counts in the declaration; the first of these stating, by way of explanatory inducement, the holdings of nominating conventions by the rival political parties; and the subsequent count omitting all introductory matter, and containing but a copy of the libel, and an averment of its libellous meaning. These counts have been demurred to.

The prominent objection to the first of these counts which I find on the brief of the counsel of the defendant is, that it does not allege that the defendant charged the plaintiff with any crime, or with anything, by reason of which the plaintiff suffered special damage. But this exception is founded in a confusion of the rules that apply to an action for a slander with those belonging to a suit for a libel. A published writing which holds a person up to the public as an object of hatred, ridicule, or contempt, is a libel. When a citizen undertakes to exercise any of his political privileges, it is certainly his duty to act upon public considerations; to be influenced, in such a matter, by pecuniary motives, though it may not be punishable, in some cases as a crime, is always disgraceful. Every one who, for a bribe, gives his vote or his influence to a candidate for nomination to a public position, does such act in secret, thus showing, by his avoidance of the public gaze, his consciousness of the unworthy part he is playing. Therefore, to print and publish that a man has been guilty of such an act, must, necessarily be to hold him up to the de-

rision and contempt of the community.   In such a case special damages need not be shown in the pleading.

There are many other technical objections to this count; they have been examined, but none of them seem to be of sufficient substance to need discussion.

The second count is, likewise, in a legal point of view, unobjectionable.   It recites the libel, and then avers that the words were used in a defamatory sense, which it states.   This is, certainly, insufficient at common law, as, by its rules, the pleader could, by innuendo only explain, without adding anything, to the force of the language constituting the alleged libel.   But a different course has been legalized by the section of our practice act relative to this subject.   This clause is a transcript of the provision, regulating the same matter, of the act of the 15 and 16 *Victoria*, passed in the year 1852.   Its words are : " In actions of libel and slander, the plaintiff shall be at liberty to aver that the words or matter complained of were used in a defamatory sense, specifying such defamatory sense, without any prefatory averment to show how such words or matter were used in that sense, and such averment shall be put in issue by the denial of the alleged libel or slander ; and where the words or matter set forth, with or without the alleged meaning, show a cause of action, the declaration shall be sufficient."

The obvious purpose here was to dispense with the necessity of showing, by means of a colloquium, and other explanatory matter, how the words, either written or spoken, contained a defamatory charge.   This was oftentimes, even to a skilful pleader, a task of considerable difficulty.   The books are full of cases elucidating the subject, the decisions turning on curiously nice distinctions.   This statutory provision puts aside all these niceties.   Now the pleader can set out the mere words complained of, and put any construction upon them by innuendo.   It is in this sense that the English act is expounded in *Hemmings* v. *Gasson*, 4 *Jur.* (*N. S.*) 834.   In that case, the court said that the section was intended to enable the pleader to put any meaning which he pleases on the words,

and to leave it to the jury to say whether that meaning is proved by the evidence. In truth, the words of the act are so broad in their meaning, that it is difficult to see what other interpretation can be put upon the clause. The consequence is, the second count of the declaration is, as well as the first, good, both in substance and form.

Demurrer overruled.